IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BETZAIDA PEDROZA-SERRANO,

    Plaintiff,

    v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

CIVIL NO.: 09-1694 (MEL)

**OPINION AND ORDER**

Pending before the court is an motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) filed on January 27, 2010 by defendants, the United States of America and the San Juan Veterans' Administration Medical Center, and opposed by plaintiff Betzaida Pedroza-Serrano (Docket Nos. 13-14, 17.) The motion is denied without prejudice for the reasons stated below.

Plaintiff's amended complaint, filed July 27, 2009, claims causes of action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346 and 2671, and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann., tit. 31, § 5141 ("Article 1802"). (Docket No. 4.) The complaint alleges that plaintiff's car was burned in a fire while parked in defendants' parking structure, and that defendants are liable because the building "did not have the appropriate equipment to extinguish the fire." (Docket No. 4, ¶ 7.)

The pending request for dismissal presents two arguments. First, defendants argue that plaintiff "has failed to perfect service of process and exhaust administrative remedies." (Docket No. 14 at 4.) Because defendants fail to support this conclusory assertion with any specific or detailed argument that plaintiff's service or exhaustion of administrative remedies was deficient, it does not

1

warrant dismissal of plaintiff's complaint.

Defendants' second argument is that the court lacks subject matter jurisdiction because defendants are entitled to sovereign immunity. (Docket No. 14.) Defendants invoke the "discretionary function exception" to the waiver of sovereign immunity attendant to FTCA actions, which exempts the government from suits "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government . . . ." 28 U.S.C. § 2680; Id. at 5. Defendants assert that since no mandatory federal regulation required the "installation of sprinkler systems and fire hoses," plaintiff's claims are based on the performance of a discretionary government function, and therefore the government is immune from suit. (See Docket No. 14 at 8.)

In ruling on a facial challenge to subject matter jurisdiction, as here, "the court must consider all the allegations in the complaint as true, and will not look beyond the face of the complaint to determine jurisdiction." Mercado-Arocho v. United States, 455 F. Supp. 2d 15, 18 (D.P.R. 2006); see Fed R. Civ. P. 12(b). The complaint asserts that defendants are liable because the parking structure did not have "appropriate equipment," but defendants' argument is that they were not required to provide sprinkler systems or fire hoses. (Docket No. 14 at 7-8.) Thus, defendants' argument would require the court to assume that the equipment referenced in the complaint is sprinkler systems and fire hoses. This the court may not do unless defendants present a properly supported motion for summary judgment or motion to dismiss based on a factual challenge to subject matter jurisdiction.[1] Id.

---

[1] Indeed, plaintiff's opposition to the motion to dismiss suggests that the building "did not have any water installed." (Docket No. 17 at 2) (emphasis added).

WHEREFORE, defendants' motion to dismiss (Docket No. 13-14) is DENIED without prejudice.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 22nd day of February, 2010.

s/Marcos E. López<br>U.S. MAGISTRATE JUDGE